## MEEHAN, et ux v. FARISH, et al.

Circuit Court, Palm Beach County, Civil Appeal.

November 8, 1954.

William A. Foster, West Palm Beach, for appellant.

Wardlaw & Stewart, West Palm Beach, for appellees.

JOSEPH S. WHITE, Circuit Judge.

This cause was heard upon an appeal from a judgment of the small claims court, and argument of counsel.

Upon the question of priority of liens, it is more probable that appellant's lien was under section 83.08, Florida Statutes 1953, rather than under section 85.19. The record does not so describe appellant's property as to place it in the category referred to in section 85.19. It seems clear that appellees' retain title contract, in existence when the chattel in question was taken upon appellant's premises, was superior to appellant's lien as a landlord.

A determination of the question of a waiver of their rights under the retain title contract by appellees depends somewhat upon a reconciliation by the trier of facts of conflicting testimony. Upon that point this court has no right to disturb the findings of the judge of the small claims court.

The measure of damages recoverable by the holder of the retain title contract is the amount of the debt, not to exceed the value of the property. See 14 C.J.S., page 862, sec. 245, page 870, sec. 254. The amount of the debt is prima facie the measure of damages. If

the value is less than that amount, the burden of proof in that regard is upon the defendant. See 53 Am. Jur., page 945, sec. 183.

Appellant has not shown error of the lower court. Affirmed, with court costs assessed against the appellant.